IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4020-01-CR-C-NKL |
| | ) | |
| ALSHAWN LATEEF BAGBY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before this court is defendant Alshawn Lateef Bagby's May 20, 2010 Motion to Suppress Illegally Obtained Evidence and Statements. The Government has responded in opposition to the motion. A hearing was held on June 8, 2010.[1]

**Facts**

On April 15, 2009, Missouri State Patrol Trooper M. Halford was in his patrol vehicle heading west on Brown School Road in Boone County, Missouri, at approximately 3:45 p.m. Trooper Halford observed a 1999 Toyota Camry heading east on Brown School Road. Trooper Halford testified that as the vehicle passed him, the front license plate of the Camry was not plainly visible. Trooper Halford specifically noted that the license plate was bent and that reflective quality of the license plate was impaired by the laminate peeling off. Trooper Halford turned around and made a traffic stop of the vehicle. Trooper Halford explained to the driver, who is the defendant in this case, why he had stopped him, and asked for his license and proof of insurance. Defendant gave Trooper Halford his name, but indicated he did not have a license on his person and that the vehicle belonged to a relative.

Trooper Halford asked the defendant to step back to his patrol vehicle. At the rear of Trooper Halford's vehicle, the defendant spread his legs and placed his hands on the trunk, without being asked to do so. When defendant did this, the Trooper noticed two large bulges in

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

both front pockets of defendant's baggy sweat pants.  As the Trooper began a weapons search, he asked defendant what was in his front pockets and defendant stated it was money.  Trooper Halford observed a small bag of marijuana and what appeared to be a large amount of currency in the defendant's front left pocket.  At this time, defendant, simultaneously, broke away and fled on foot.  Trooper Halford ordered him to stop, but defendant continued to flee and the Trooper lost sight of him.

After officers from the Boone County Sheriff's Department and the Columbia Police Department arrived to assist, Boone County Corporal C. Lester and Trooper Halford walked the area.  Cpl. Lester spotted the defendant behind a residence on Long Street and ordered him to the ground.  Defendant was taken into custody.

Defendant argues that any and all statements and the recovery of 126 grams of cocaine and $11,921 in currency should be suppressed as "fruits of the poisonous tree."  Defendant argues that Trooper Halford's stop of his vehicle on Brown School Road was an illegal seizure because Trooper Halford did not have probable cause.

**Discussion**

Under the Fourth Amendment, a traffic stop is reasonable if it is supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred. United States v. Smart, 393 F.3d 767, 770 (8th Cir. 2005).  It is well established that "[a]ny traffic violation, however minor, provides probable cause for a traffic stop."  United States v. Bloomfield, 40 F.3d 910, 915 (8th Cir.1994).  Here, Trooper Halford testified that when passing defendant's vehicle, he believed the front license plate was not plainly visible as required by Missouri law, and therefore, he made a traffic stop of the vehicle.

Section 301.130 of the Missouri Revised Statutes sets forth the display requirements for Missouri vehicle license plates.  In relevant part, the statute states that "(e)ach such plate shall be securely fastened to the motor vehicle . . . in a manner so that all parts thereof shall be plainly visible and reasonably clean so that the reflective qualities thereof are not impaired."  Mo. Rev. Stat. § 301.130(5) (2010).

Trooper Halford's testimony, in conjunction with the Government's exhibits showing pictures of the vehicle license plate at the time of traffic stop, show the license plate had a folded

2

corner that obscured the month the plate expired; the bottom was bent inward so "Show Me State" was not clearly visible; and the reflective laminate was seriously missing, clearly diminishing the plate's reflective qualities. All parts of the plate were not "plainly visible," clearly supporting probable cause for the traffic stop of defendant's vehicle. Moreover, even if the license plate was not improperly displayed, Eighth Circuit law clearly holds that an officer is justified in making a traffic stop when he objectively has a reasonable basis for believing that the driver has breached a traffic law. United States v. Sanders, 196 F.3d 910, 913 (8th Cir. 1999). Here, the evidence showing the condition of the license plate supports the conclusion that Trooper Halford had a reasonable belief that the plate was displayed in violation of the law. Cf. United States v. Washington, 455 F.3d 824 (8th Cir. 2000) (officer's mistake of law as to whether cracked windshield on defendant's vehicle violated Nebraska law was not reasonable). The court notes that Trooper Halford is not expected to interpret traffic laws with the subtlety and expertise of a criminal defense attorney. United States v. Sanders, 196 F.3d at 913. Based on the foregoing, defendant's argument that Trooper Halford lacked probable cause because the license plate on the vehicle he was driving was, in fact, not a violation of Missouri law, fails. Trooper Halford had an objectively reasonable basis for believing that the vehicle defendant was driving had breached section 301.130(5).

This court finds Trooper Halford had probable cause to stop defendant's vehicle, and therefore, there is no violation of the Fourth Amendment, nor were the evidence and statements subsequently derived "fruit of the poisonous tree."

IT IS, THEREFORE, RECOMMENDED that defendant Bagby's motion to suppress be denied. [21]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 29th day of June, 2010, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge